Overton, J.
 

 In support of this action, the defendant’s counsel has relied on the case of Schemerhorn
 
 v.
 
 Vanderheyden, 1 Johns. Rep. 139. The case does not apply, because the question there was, whether a court could receive evidence to show that there was a different consideration than that expressed in writing; it was determined that it could not be received. The question in this case is, whether, in an action founded on an instrument not under seal, it is or is not necessary to aver and prove a consideration.
 

 The opinion of the inferior court is certainly erroneous in this respect.
 
 fA
 
 consideration is necessary to be averred in pleading, and shown in proof, | in relation to all contracts, either verbal or written, if not under seal.
 

 Between verbal and unsealed written contracts there is this distinction.
 

 In the first a consideration is never presumed, and the
 
 onus probandi lies
 
 on the plaintiff; in the latter it is the reverse, — it is always presumed, but that' presumption, as usual with presumptions in fact, may be overthrown by the defendant, and hence the
 
 onus probandi
 
 lies on him.
 

 There is error in the judgment on two grounds. First, the Court stated to the jury
 
 “
 
 that Roper was bound to pay said sum of money to said plaintiff according to the tenor of said engagement.” Second, this direction disregards the question of fact made before them, viz. that the jury were to
 
 *378
 
 inquire into the consideration; it inculcates an idea that the jury had nothing to do with proof of consideration.
 

 This charge or instruction to the jury is wrong, because it, in the first place, undertakes to assume as a fact the authority of Meanly to sign the instrument for Roper. The Constitution forbids courts to charge or give opinions to juries on matters of fact. This instruction goes further, and takes for granted expressly that a fact was ascertained. The duty of a court is to state the law alternately, supposing, in the opinion of a jury, the fact be one way or the other.
 

 The opinion is wrong on the other ground, for the reasons previously advanced respecting the consideration of contracts.
 

 The judgment should be reversed and the cause remanded to the Circuit Court, where it must be again tried, and not sent from thence to the County Court.
 

 White, J. concurred.